IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENDRICK STORY                                                                    PETITIONER
ADC # 109934

V.                          CASE NO. 4:17-CV-00541-KGB-JTK

STATE OF ARKANSAS                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Motion to Stay (DE #2) be DENIED and his Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED without prejudice.

## Procedural History

On February 9, 2017, the Petitioner pled guilty to first-degree murder in the Circuit Court of Columbia County, Arkansas. *State of Arkansas v. Kendrick C. Story*, 14CR-17-16. Petitioner was sentenced to 40 years' imprisonment with a suspended imposition of sentence for life. *Id.* On March 15, 2017, Petitioner filed a writ of habeas corpus in the Circuit Court of Lee County, Arkansas, where he is currently imprisoned, which was subsequently denied on March 20, 2017. See Docket Report for *Story v. State of Arkansas*, 39CV-17-37. Petitioner appealed the circuit court's decision to deny habeas corpus relief to the Arkansas Supreme Court. This appeal is

currently pending. *Story v. State of Arkansas,* CV-17-361. On August 24, 2017, Petitioner filed his petition for habeas corpus in this Court alleging: (1) violations of his Fifth Amendment rights; (2) illegal seizure of property that was used against him in court; (3) ineffective assistance of counsel for not appealing conviction; and (4) ineffective assistance of counsel for allowing the district attorney to "threatened me about murder." (DE # 1) Petitioner filed a Motion for Stay on the same day as his federal habeas petition requesting that the Court "grant and file the Petitioner's federal habeas corpus and place a (stay) on it until the 'out-come of my appeal' that is still pending in the Supreme Court of Arkansas." (DE # 2)

Discussion

Pursuant to 28 U.S.C.§ 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." The Eighth Circuit has held there is "a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings." *Mayes v. Sigler,* 428 F.2d 669, 671 (8th Cir. 1970). Furthermore, the court states "such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts." *Id.* In this case, Petitioner currently and admittedly has an appeal from the denial of his state habeas petition pending before the Arkansas Supreme Court. The Petitioner, therefore, clearly has not yet exhausted his state remedies and any interference from this Court at this time would be premature.

Lastly, it appears from the wording of Petitioner's Motion to Stay that the intent of filing his federal habeas petition was to do so before the "one-year deadline is up which would bar me from doing this before the federal court." (DE # 2) While it is true that there exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment, federal law also requires that the statute of limitations is tolled while properly-filed applications for state post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. 2244(d)(1) and (d)(2). Given that Petitioner's appeal from the denial of his state habeas petition is still pending with the Arkansas Supreme Court, the one-year statute of limitations is currently tolled and therefore Petitioner has not set forth a timing issue that would persuade this Court to grant his motion for stay prior to exhausting his state remedies.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be dismissed without prejudice and Petitioner's motion to stay (DE # 2) be denied.

SO ORDERED this 8th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE